**IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT,
IN AND FOR ORANGE COUNTY, FLORIDA**

**CASE NO:**

**JOSE ARIAS, TERESA ANTROP ARIAS
ON BEHALF OF JOSE ARIAS AND
TERESA ANTROP ARIAS, INDIVIDUALLY**

    Plaintiffs,

vs.

**THE VILLAS AT CENTRAL PARK
ASSOCIATES LIMITED
PARTNERSHIP AND CLK MULTI
FAMILY MANAGEMENT, LLC,**

    Defendant.
_____/

**COMPLAINT**

    Plaintiffs, **JOSE ARIAS, TERESA ANTROP ARIAS ON BEHALF OF JOSE ARIAS AND TERESA ANTROP ARIAS, INDIVIDUALLY** sue Defendants, **THE VILLAS AT CENTRAL PARK ASSOCIATES LIMITED PARTNERSHIP AND CLK MULTI FAMILY MANAGEMENT, LLC**, and alleges:

    1.    This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$30,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for *jurisdictional purposes only* (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's

claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2. Plaintiffs are husband and wife and reside together in Orange County, Florida.

3. Teresa Antrop Arias is the court appointed Plenary Guardian of the person and property of Jose Arias, her husband.

4. At all times material to this action Defendant, **VILLAS AT CENTRAL PARK ASSOCIATES LIMITED PARTNERSHIP**, was a Foreign Limited Partnership, licensed to do business in the State of Florida, and the owner and in possession of that certain business known as Royal Palms Apartment, located at 2527 West Oak Ridge Road, Orlando, Orange County, Florida, said business being that of an apartment complex, open to the property's tenants and guests, including the Plaintiff herein.

5. At all times material to this action Defendant, **CLK MULTI FAMILY MANAGEMENT, LLC**, was a Foreign Limited Liability Company, licensed to do business in the State of Florida, and the owner and in possession of that certain business known as Royal Palms Apartment, located at 2527 West Oak Ridge Road, Orlando, Orange County, Florida, said business being that of an apartment complex, open to the property's tenants and guests, including the Plaintiff herein.

6. On or about March 19, 2019, while returning home from work, the Plaintiff, Jose Arias, was attacked and violently assaulted by an assailant(s) sustaining injuries as set forth.

7. At said time and place, Plaintiff was a tenant of the Royal Palms Apartment complex, lawfully upon the premises of Defendants, THE VILLAS AT CENTRAL PARK

ASSOCIATES LIMITED PARTNERSHIP AND CLK MULTI FAMILY MANAGEMENT, LLC, who owed Plaintiff a non-delegable duty to exercise reasonable care for his safety.

8. At said time and place, the Defendants as the owners and/or landlords and/or property managers of the premises have a legal, non-delegable duty pursuant to Florida Statute 83.51 to make reasonable provisions for the clean and safe condition of the common areas.

9. In exercising these duties, the Defendants knew, or in the exercise of ordinary care, should have known, that numerous crimes, including crimes of violence, had occurred on or near the premises during the months and years immediately preceding March 19, 2019. These crimes included numerous episodes of robbery, burglary, theft, sex offenses, weapons violations, drugs/narcotics, intimidation, assault, battery, murder and destruction/damage/vandalism, and others.

## COUNT I
## NEGLIGENCE CLAIM AGAINST DEFENDANT THE VILLAS AT CENTRAL PARK ASSOCIATES LIMITED PARTNERSHIP

Plaintiff, JOSE ARIAS realleges and incorporates by reference paragraphs 1 through 9 above.

10. Defendant, THE VILLAS AT CENTRAL PARK ASSOCIATES LIMITED PARTNERSHIP, breached its duty owed to Plaintiff by negligently failing to provide adequate security which would have prevented the described assault and shooting, including:

   a) Negligently failing to secure the perimeter around the premises to prevent potential assailants/perpetrators from gaining access;

   b) Negligently failing to provide a security guard or law enforcement or have adequate security or law enforcement to prevent potential assailants/perpetrators from gaining access; and otherwise failing to partner with local law enforcement on crime deterrence directly and/or by failing to have a neighborhood watch program or committee;

    c)    Negligently failing to provide and/or in failing to monitor a video monitoring security system from which security personnel could monitor potential assailants/perpetrators loitering on the premises and take appropriate action;

    d)    Negligently failing to warn Plaintiff regarding the presence of potential assailants/perpetrators within the premises and that the risk of assault/battery and/or other danger or other criminal activity existed within the premises and surrounding area;

    e)    Negligently failing to have proper lighting in and around the property to deter or prevent assaults such the one that was perpetrated on the Plaintiff; and/or

    f)    Negligently failing to properly monitor the walkways and/or common areas of the property to prevent or deter criminal activity in and around the area.

11.    As a result of Defendant, THE VILLAS AT CENTRAL PARK ASSOCIATES LIMITED PARTNERSHIP's negligence, an assailant(s) was able to gain access to the Defendant's property, attacking and violently assaulting the Plaintiff.

12.    At the said time and place, Defendant, THE VILLAS AT CENTRAL PARK ASSOCIATES LIMITED PARTNERSHIP's further breached its duty owed to Plaintiff by committing one or more of the following omissions or commissions:

    a)    Negligently failing to maintain or adequately maintain the entry/exit gates/fencing to Defendant's property, thus creating a hazardous condition to the tenants and/or invited guests of the property, including the Plaintiff herein, by allowing access to the property by potential assailants/perpetrators;

    b)    Negligently failing to maintain or adequately maintain its premises so as to provide a safe environment for its tenants and/or invited guests of the property, including the Plaintiff herein;

    c)    Negligently failing to provide adequate supervision and security for its tenants and/or invited guests of the property, including the Plaintiff herein, when Defendant knew or through exercise of reasonable care should have known that dangerous conditions/persons existed;

d) Negligently failing to manage, supervise and/or monitor the unreasonably dangerous situation on Defendant's premises, when said situation was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

e) Negligently failing to adequately warn Plaintiff of a dangerous situation;

f) Negligently failing to provide adequate or appropriate security;

g) Negligently failing to properly hire, supervise, monitor and train its employees/agents/representatives to avoid, deter or prevent such assaults/crimes on the premises;

h) Negligently failing to provide tenants and/or invited guests of the property with adequate means to avoid, prevent, protection against, or deter criminal activity on the premises including, but not limited to; proper lines of sight, lighting, video cameras, security equipment, and other reasonable security measures;

i) Negligently failing to adequately staff the premises to avoid, prevent or deter or protection from assaults/crimes such as what happened to the Plaintiff;

j) Negligently failing to secure the perimeter around the premises to prevent uninvited non-residents, transients and/or potential assailants/perpetrators from gaining unauthorized access;

k) Negligently failing to provide a security guard or law enforcement or in failing to have adequate security guard(s) or law enforcement to prevent uninvited non-residents, transients and/or potential assailants/perpetrators from gaining unauthorized access; and otherwise failing to partner with local law enforcement on crime deterrence directly and/or by failing to have a neighborhood watch program or committee;

l) Negligently failing to provide or monitor a video monitoring security system from which security personnel could monitor potential assailants/perpetrators loitering on the premises and take appropriate action;

m) Negligently failing to warn Plaintiff regarding the presence of by potential assailants/perpetrators within the premises and that the risk of assault/battery and/or danger or other criminal activity existed within the premises and surrounding area;

    n)    Negligently failing to have proper lighting in and around the property to deter or prevent assaults such the one that was perpetrated on the plaintiff;

    o)    Negligently failing to properly monitor the parking lot, walkways and/or common areas of the property to prevent or deter criminal activity in and around the area;

    p)    Negligently failing to act reasonably on the subject premises; and/or

    q)    Negligently failing to render aid to Plaintiff after his injury and/or in negligently rendering aid after his injury.

13. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury in and about his body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition in the past and will continue to suffer from same into the future. The losses are either permanent or continuing and Plaintiff has suffered from the losses in the past and will continue to suffer from these losses into the future.

WHEREFORE, the Plaintiff, JOSE ARIAS, sues the Defendant, THE VILLAS AT CENTRAL PARK ASSOCIATES LIMITED PARTNERSHIP for damages and demands judgment in excess of Thirty Thousand and One Dollars ($30,001.00), plus interest and costs, and demands trial by jury of all issues so triable.

## COUNT II
## NEGLIGENCE CLAIM AGAINST DEFENDANT CLK MULTI FAMILY MANAGEMENT, LLC

Plaintiff, JOSE ARIAS realleges and incorporates by reference paragraphs 1 through 9 above.

14. Defendant, CLK MULTI FAMILY MANAGEMENT, LLC, breached its duty owed to Plaintiff by negligently failing to provide adequate security which would have prevented the described assault and shooting, including:

> a) Negligently failing to secure the perimeter around the premises to prevent potential assailants/perpetrators from gaining access;
>
> b) Negligently failing to provide a security guard or law enforcement or have adequate security or law enforcement to prevent potential assailants/perpetrators from gaining access; and otherwise failing to partner with local law enforcement on crime deterrence directly and/or by failing to have a neighborhood watch program or committee;
>
> c) Negligently failing to provide and/or in failing to monitor a video monitoring security system from which security personnel could monitor potential assailants/perpetrators loitering on the premises and take appropriate action;
>
> d) Negligently failing to warn Plaintiff regarding the presence of potential assailants/perpetrators within the premises and that the risk of assault/battery and/or other danger or other criminal activity existed within the premises and surrounding area;
>
> e) Negligently failing to have proper lighting in and around the property to deter or prevent assaults such the one that was perpetrated on the Plaintiff; and/or
>
> f) Negligently failing to properly monitor the walkways and/or common areas of the property to prevent or deter criminal activity in and around the area.

15. As a result of Defendant, CLK MULTI FAMILY MANAGEMENT, LLC's negligence, an assailant(s) was able to gain access to the Defendant's property, attacking and violently assaulting the Plaintiff.

16. At the said time and place, Defendant, CLK MULTI FAMILY MANAGEMENT, LLC's further breached its duty owed to Plaintiff by committing one or more of the following omissions or commissions:

a) Negligently failing to maintain or adequately maintain the entry/exit gates/fencing to Defendant's property, thus creating a hazardous condition to the tenants and/or invited guests of the property, including the Plaintiff herein, by allowing access to the property by potential assailants/perpetrators;

b) Negligently failing to maintain or adequately maintain its premises so as to provide a safe environment for its tenants and/or invited guests of the property, including the Plaintiff herein;

c) Negligently failing to provide adequate supervision and security for its tenants and/or invited guests of the property, including the Plaintiff herein, when Defendant knew or through exercise of reasonable care should have known that dangerous conditions/persons existed;

d) Negligently failing to manage, supervise and/or monitor the unreasonably dangerous situation on Defendant's premises, when said situation was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

e) Negligently failing to adequately warn Plaintiff of a dangerous situation;

f) Negligently failing to provide adequate or appropriate security;

g) Negligently failing to properly hire, supervise, monitor and train its employees/agents/representatives to avoid, deter or prevent such assaults/crimes on the premises;

h) Negligently failing to provide tenants and/or invited guests of the property with adequate means to avoid, prevent, protection against, or deter criminal activity on the premises including, but not limited to; proper lines of sight, lighting, video cameras, security equipment, and other reasonable security measures;

i) Negligently failing to adequately staff the premises to avoid, prevent or deter or protection from assaults/crimes such as what happened to the Plaintiff;

j) Negligently failing to secure the perimeter around the premises to prevent uninvited non-residents, transients and/or potential assailants/perpetrators from gaining unauthorized access;

    k)    Negligently failing to provide a security guard or law enforcement or in failing to have adequate security guard(s) or law enforcement to prevent uninvited non-residents, transients and/or potential assailants/perpetrators from gaining unauthorized access; and otherwise failing to partner with local law enforcement on crime deterrence directly and/or by failing to have a neighborhood watch program or committee;

    l)    Negligently failing to provide or monitor a video monitoring security system from which security personnel could monitor potential assailants/perpetrators loitering on the premises and take appropriate action;

    m)    Negligently failing to warn Plaintiff regarding the presence of by potential assailants/perpetrators within the premises and that the risk of assault/battery and/or danger or other criminal activity existed within the premises and surrounding area;

    n)    Negligently failing to have proper lighting in and around the property to deter or prevent assaults such the one that was perpetrated on the plaintiff;

    o)    Negligently failing to properly monitor the parking lot, walkways and/or common areas of the property to prevent or deter criminal activity in and around the area;

    p)    Negligently failing to act reasonably on the subject premises; and/or

    q)    Negligently failing to render aid to Plaintiff after his injury and/or in negligently rendering aid after his injury.

17.    As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury in and about his body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition in the past and will continue to suffer from same into the future. The losses are either permanent or continuing and Plaintiff has suffered from the losses in the past and will continue to suffer from these losses into the future.

WHEREFORE, the Plaintiff, JOSE ARIAS, sues the Defendant, CLK MULTI FAMILY MANAGEMENT, LLC for damages and demands judgment in excess of Thirty Thousand and One Dollars ($30,001.00), plus interest and costs, and demands trial by jury of all issues so triable.

**COUNT III**
**NEGLIGENCE CLAIM AGAINST DEFENDANT THE VILLAS AT CENTRAL PARK ASSOCIATES LIMITED PARTNERSHIP**

Plaintiff, TERESA ANTROP ARIAS ON BEHALF OF JOSE ARIAS realleges and incorporates by reference paragraphs 1 through 9 above.

18. Defendant, THE VILLAS AT CENTRAL PARK ASSOCIATES LIMITED PARTNERSHIP, breached its duty owed to Plaintiff by negligently failing to provide adequate security which would have prevented the described assault and shooting, including:

   a) Negligently failing to secure the perimeter around the premises to prevent potential assailants/perpetrators from gaining access;

   b) Negligently failing to provide a security guard or law enforcement or have adequate security or law enforcement to prevent potential assailants/perpetrators from gaining access; and otherwise failing to partner with local law enforcement on crime deterrence directly and/or by failing to have a neighborhood watch program or committee;

   c) Negligently failing to provide and/or in failing to monitor a video monitoring security system from which security personnel could monitor potential assailants/perpetrators loitering on the premises and take appropriate action;

   d) Negligently failing to warn Plaintiff regarding the presence of potential assailants/perpetrators within the premises and that the risk of assault/battery and/or other danger or other criminal activity existed within the premises and surrounding area;

   e) Negligently failing to have proper lighting in and around the property to deter or prevent assaults such the one that was perpetrated on the Plaintiff; and/or

  f) Negligently failing to properly monitor the walkways and/or common areas of the property to prevent or deter criminal activity in and around the area.

19. As a result of Defendant, THE VILLAS AT CENTRAL PARK ASSOCIATES LIMITED PARTNERSHIP's negligence, an assailant(s) was able to gain access to the Defendant's property, attacking and violently assaulting the Plaintiff.

20. At the said time and place, Defendant, THE VILLAS AT CENTRAL PARK ASSOCIATES LIMITED PARTNERSHIP's further breached its duty owed to Plaintiff by committing one or more of the following omissions or commissions:

  a) Negligently failing to maintain or adequately maintain the entry/exit gates/fencing to Defendant's property, thus creating a hazardous condition to the tenants and/or invited guests of the property, including the Plaintiff herein, by allowing access to the property by potential assailants/perpetrators;

  b) Negligently failing to maintain or adequately maintain its premises so as to provide a safe environment for its tenants and/or invited guests of the property, including the Plaintiff herein;

  c) Negligently failing to provide adequate supervision and security for its tenants and/or invited guests of the property, including the Plaintiff herein, when Defendant knew or through exercise of reasonable care should have known that dangerous conditions/persons existed;

  d) Negligently failing to manage, supervise and/or monitor the unreasonably dangerous situation on Defendant's premises, when said situation was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

  e) Negligently failing to adequately warn Plaintiff of a dangerous situation;

  f) Negligently failing to provide adequate or appropriate security;

  g) Negligently failing to properly hire, supervise, monitor and train its employees/agents/representatives to avoid, deter or prevent such assaults/crimes on the premises;

h) Negligently failing to provide tenants and/or invited guests of the property with adequate means to avoid, prevent, protection against, or deter criminal activity on the premises including, but not limited to; proper lines of sight, lighting, video cameras, security equipment, and other reasonable security measures;

i) Negligently failing to adequately staff the premises to avoid, prevent or deter or protection from assaults/crimes such as what happened to the Plaintiff;

j) Negligently failing to secure the perimeter around the premises to prevent uninvited non-residents, transients and/or potential assailants/perpetrators from gaining unauthorized access;

k) Negligently failing to provide a security guard or law enforcement or in failing to have adequate security guard(s) or law enforcement to prevent uninvited non-residents, transients and/or potential assailants/perpetrators from gaining unauthorized access; and otherwise failing to partner with local law enforcement on crime deterrence directly and/or by failing to have a neighborhood watch program or committee;

l) Negligently failing to provide or monitor a video monitoring security system from which security personnel could monitor potential assailants/perpetrators loitering on the premises and take appropriate action;

m) Negligently failing to warn Plaintiff regarding the presence of by potential assailants/perpetrators within the premises and that the risk of assault/battery and/or danger or other criminal activity existed within the premises and surrounding area;

n) Negligently failing to have proper lighting in and around the property to deter or prevent assaults such the one that was perpetrated on the plaintiff;

o) Negligently failing to properly monitor the parking lot, walkways and/or common areas of the property to prevent or deter criminal activity in and around the area;

p) Negligently failing to act reasonably on the subject premises; and/or

q) Negligently failing to render aid to Plaintiff after his injury and/or in negligently rendering aid after his injury.

21. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury in and about his body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition in the past and will continue to suffer from same into the future.  The losses are either permanent or continuing and Plaintiff has suffered from the losses in the past and will continue to suffer from these losses into the future.

WHEREFORE, the Plaintiff, TERESA ANTROP ARIAS ON BEHALF OF JOSE ARIAS, sues the Defendant, THE VILLAS AT CENTRAL PARK ASSOCIATES LIMITED PARTNERSHIP for damages and demands judgment in excess of Thirty Thousand and One Dollars ($30,001.00), plus interest and costs, and demands trial by jury of all issues so triable.

## COUNT IV
## NEGLIGENCE CLAIM AGAINST DEFENDANT CLK MULTI FAMILY MANAGEMENT, LLC

Plaintiff, TERESA ANTROP ARIAS ON BEHALF OF JOSE ARIAS realleges and incorporates by reference paragraphs 1 through 9 above.

22. Defendant, CLK MULTI FAMILY MANAGEMENT, LLC, breached its duty owed to Plaintiff by negligently failing to provide adequate security which would have prevented the described assault and shooting, including:

   a) Negligently failing to secure the perimeter around the premises to prevent potential assailants/perpetrators from gaining access;

   b) Negligently failing to provide a security guard or law enforcement or have adequate security or law enforcement to prevent potential assailants/perpetrators from gaining access; and otherwise failing to

       partner with local law enforcement on crime deterrence directly and/or by failing to have a neighborhood watch program or committee;

c) Negligently failing to provide and/or in failing to monitor a video monitoring security system from which security personnel could monitor potential assailants/perpetrators loitering on the premises and take appropriate action;

d) Negligently failing to warn Plaintiff regarding the presence of potential assailants/perpetrators within the premises and that the risk of assault/battery and/or other danger or other criminal activity existed within the premises and surrounding area;

e) Negligently failing to have proper lighting in and around the property to deter or prevent assaults such the one that was perpetrated on the Plaintiff; and/or

f) Negligently failing to properly monitor the walkways and/or common areas of the property to prevent or deter criminal activity in and around the area.

23. As a result of Defendant, CLK MULTI FAMILY MANAGEMENT, LLC's negligence, an assailant(s) was able to gain access to the Defendant's property, attacking and violently assaulting the Plaintiff.

24. At the said time and place, Defendant, CLK MULTI FAMILY MANAGEMENT, LLC's further breached its duty owed to Plaintiff by committing one or more of the following omissions or commissions:

a) Negligently failing to maintain or adequately maintain the entry/exit gates/fencing to Defendant's property, thus creating a hazardous condition to the tenants and/or invited guests of the property, including the Plaintiff herein, by allowing access to the property by potential assailants/perpetrators;

b) Negligently failing to maintain or adequately maintain its premises so as to provide a safe environment for its tenants and/or invited guests of the property, including the Plaintiff herein;

c) Negligently failing to provide adequate supervision and security for its tenants and/or invited guests of the property, including the Plaintiff herein, when Defendant knew or through exercise of reasonable care should have known that dangerous conditions/persons existed;

d) Negligently failing to manage, supervise and/or monitor the unreasonably dangerous situation on Defendant's premises, when said situation was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

e) Negligently failing to adequately warn Plaintiff of a dangerous situation;

f) Negligently failing to provide adequate or appropriate security;

g) Negligently failing to properly hire, supervise, monitor and train its employees/agents/representatives to avoid, deter or prevent such assaults/crimes on the premises;

h) Negligently failing to provide tenants and/or invited guests of the property with adequate means to avoid, prevent, protection against, or deter criminal activity on the premises including, but not limited to; proper lines of sight, lighting, video cameras, security equipment, and other reasonable security measures;

i) Negligently failing to adequately staff the premises to avoid, prevent or deter or protection from assaults/crimes such as what happened to the Plaintiff;

j) Negligently failing to secure the perimeter around the premises to prevent uninvited non-residents, transients and/or potential assailants/perpetrators from gaining unauthorized access;

k) Negligently failing to provide a security guard or law enforcement or in failing to have adequate security guard(s) or law enforcement to prevent uninvited non-residents, transients and/or potential assailants/perpetrators from gaining unauthorized access; and otherwise failing to partner with local law enforcement on crime deterrence directly and/or by failing to have a neighborhood watch program or committee;

l) Negligently failing to provide or monitor a video monitoring security system from which security personnel could monitor potential assailants/perpetrators loitering on the premises and take appropriate action;

  m) Negligently failing to warn Plaintiff regarding the presence of by potential assailants/perpetrators within the premises and that the risk of assault/battery and/or danger or other criminal activity existed within the premises and surrounding area;

  n) Negligently failing to have proper lighting in and around the property to deter or prevent assaults such the one that was perpetrated on the plaintiff;

  o) Negligently failing to properly monitor the parking lot, walkways and/or common areas of the property to prevent or deter criminal activity in and around the area;

  p) Negligently failing to act reasonably on the subject premises; and/or

  q) Negligently failing to render aid to Plaintiff after his injury and/or in negligently rendering aid after his injury.

  25. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury in and about his body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition in the past and will continue to suffer from same into the future. The losses are either permanent or continuing and Plaintiff has suffered from the losses in the past and will continue to suffer from these losses into the future.

  WHEREFORE, the Plaintiff, TERESA ANTROP ARIAS ON BEHALF OF JOSE ARIAS, sues the Defendant, CLK MULTI FAMILY MANAGEMENT, LLC for damages and demands judgment in excess of Thirty Thousand and One Dollars ($30,001.00), plus interest and costs, and demands trial by jury of all issues so triable.

**COUNT V**
**CONSORTIUM CLAIM OF TERESA ANTROP AGAINST**
**THE VILLAS AT CENTRAL PARK ASSOCIATES LIMITED PARTNERSHIP**

Plaintiff, TERESA ANTROP realleges and incorporates by reference paragraphs 1 through 9, and further states:

26. As a direct and proximate result of the negligence of Defendant, THE VILLAS AT CENTRAL PARK ASSOCIATES LIMITED PARTNERSHIP and the resulting significant, permanent, and total disability injuries sustained by his husband, JOSE ARIAS, Plaintiff TERESA ANTROP ARIAS was caused to suffer loss of services, comfort, companionship, society, attentions and consortium of his husband and now has to provide support and services for JOSE ARIAS, and will suffer such losses in the future.

**WHEREFORE**, Plaintiff, TERESA ANTROP, demand judgment for damages against Defendant, THE VILLAS AT CENTRAL PARK ASSOCIATES LIMITED PARTNERSHIP, and other such relief deemed proper by the Court. Plaintiffs also demand a jury trial on all issues so triable.

**COUNT VI**
**CONSORTIUM CLAIM OF TERESA ANTROP AGAINST**
**CLK MULTI FAMILY MANAGEMENT, LLC**

Plaintiff, TERESA ANTROP realleges and incorporates by reference paragraphs 1 through 9, and further states:

27. As a direct and proximate result of the negligence of Defendants, CLK MULTI FAMILY MANAGEMENT, LLC and the resulting significant, permanent, and total disability injuries sustained by his husband, JOSE ARIAS, Plaintiff TERESA ANTROP ARIAS was caused to suffer loss of services, comfort, companionship, society, attentions and consortium of his husband

and now has to provide support and services for JOSE ARIAS, and will suffer such losses in the future.

**WHEREFORE**, Plaintiff, TERESA ANTROP, demand judgment for damages against Defendant, CLK MULTI FAMILY MANAGEMENT, LLC, and other such relief deemed proper by the Court.  Plaintiffs also demand a jury trial on all issues so triable.

**RESPECTFULLY** submitted this 27th day of August, 2020

>*/s/ W. Doug Martin*
>W. Doug Martin, Esquire
>Florida Bar No.: 0024248
>Morgan & Morgan, P.A.
>20 N. Orange Avenue, Suite 1600
>Post Office Box 4979
>Orlando, FL  32802-4979
>Telephone:  (407) 420-1414
>Facsimile:  (407) 204-2186
>Primary email: DMartin@forthepeople.com
>Secondary email: mgesualdi@forthepeople.com;
>apratt@forthepeople.com
>Counsel for Plaintiff